Silvers v Silvers (2025 NY Slip Op 00470)

Silvers v Silvers

2025 NY Slip Op 00470

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-05136
2023-05137
 (Index No. 608875/22)

[*1]Lon Silvers, appellant, 
v
Janice A. Silvers, respondent.

Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for appellant.
Amel R. Massa, Islip Terrace, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Cheryl A. Joseph, J.), dated April 27, 2023, and (2) a judgment of the same court dated May 31, 2023. The order granted the plaintiff's motion for summary judgment on the complaint, directed the plaintiff to remit payment into court in satisfaction of certain obligations to the defendant pursuant to the parties' judgment of divorce, entered May 22, 2017, and denied the defendant's cross-motion for summary judgment dismissing the complaint and, in effect, for a declaration in her favor. The judgment declared that the plaintiff had remitted payment into court in compliance with the order and that the plaintiff's specified obligations to the defendant were fully satisfied.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The parties were divorced by judgment entered May 22, 2017. As relevant here, the judgment of divorce provided that the parties each had an equal interest in stock in JAVE Properties Corp. (hereinafter JAVE), held in the plaintiff's name, and directed the plaintiff to "take all steps within his power to cause the transfer" of half of the JAVE shares to the defendant or, at the defendant's request, to buy out the defendant's interest in the JAVE shares for $38,375. By decision and order dated September 15, 2021, this Court affirmed the judgment of divorce insofar as appealed and cross-appealed from (see Silvers v Silvers, 197 AD3d 1195, 1195).
During the pendency of that appeal and cross-appeal, the defendant moved, inter alia, to hold the plaintiff in contempt based on the plaintiff's failure to transfer the JAVE shares. In an order dated April 26, 2019, the Supreme Court, after a hearing, denied that branch of the motion [*2]which was to hold the plaintiff in contempt, determined that the transfer of the JAVE shares was impossible, and directed the plaintiff to pay $38,375, plus statutory interest, to the defendant in satisfaction of the plaintiff's obligations with respect to the JAVE shares. The plaintiff's subsequent attempts to tender payment were rejected by the defendant. The defendant's appeal from the order dated April 26, 2019, was dismissed as untimely.
In May 2022, the plaintiff commenced the instant action to direct the plaintiff to remit payment into court pursuant to CPLR 2701 and for a judgment declaring that the plaintiff's obligations to the defendant in connection with the JAVE shares pursuant to the parties' judgment of divorce had been fully satisfied. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint and, in effect, for a declaration in her favor. In an order dated April 27, 2023, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. In a judgment dated May 31, 2023, the court declared that the plaintiff's obligations to the defendant regarding the JAVE shares were fully satisfied. The defendant appeals.
The plaintiff established, prima facie, his entitlement to the relief sought through the submission, inter alia, of the relevant orders and the judgment of divorce entered in the parties' matrimonial action. In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Contrary to the defendant's contention, this Court did not previously determine that the order dated April 26, 2019, was invalid (see Silvers v Silvers, 197 AD3d 1195). Nor did the defendant show that the order constituted an unenforceable modification of the judgment of divorce or of a determination by this Court.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court